IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS G. BLALOCK,           ) | |
|     Plaintiff,             ) | |
| vs.                          ) | No.  3:05-CV-1736-N |
|                              ) | |
| DAVID ALEXANDER, et al.,     ) | |
|     Defendants.           ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On August 29, 2005, the Court received a civil complaint from plaintiff. Plaintiff therein complains about medical treatment received from defendants David Alexander and Sunset Medical Clinic. (Compl. at 1.) The Court has granted plaintiff permission to proceed *in forma pauperis* in this action. No process has been issued in this case.

### II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In this instance, plaintiff asserts no viable federal statutory or constitutional basis for this suit. Although plaintiff completed a civil cover sheet for this action, he failed to indicate any basis for

federal jurisdiction, and his claims do not appear to arise under federal law.  To the extent plaintiff has claims against defendants, such claims arise under state law.  However, federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.[1]  Plaintiff provides no facts which indicate that the requirements for diversity jurisdiction exist.  In his civil cover sheet, plaintiff lists a Texas address for both himself and defendants.  Such addresses indicate a lack of diversity.  As the party seeking to invoke this Court's jurisdiction, plaintiff has the burden to show that diversity jurisdiction exists.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).  Plaintiff has not carried that burden.

Courts have "a continuing obligation to examine the basis for jurisdiction."  *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  The Court may *sua sponte* raise the jurisdictional issue at any time.  *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).  Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."  Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** plaintiff's complaint for lack of subject matter jurisdiction.

---

[1] Supplemental jurisdiction is unavailable because plaintiff has asserted no claim which provides an independent federal basis for jurisdiction.

SIGNED this 2nd day of September, 2005.

                                                                        _____
                                                                        IRMA CARRILLO RAMIREZ
                                                                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

        The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                        _____
                                                                        IRMA CARRILLO RAMIREZ
                                                                        UNITED STATES MAGISTRATE JUDGE